Argued 9 July, decided 27 August, 1907.

## BRATTAIN *v.* CONN.

91 Pac. 458.

WATER COURSES—OBSTRUCTION OF FLOW—MAINTENANCE OF DAM.

Where complainants and their predecessors in interest for more than 20 years had asserted and exercised a right each year to construct and maintain, whenever necessary, a temporary dam or obstruction in the main channel of a river to divert water into a creek for irrigation purposes, without any intimation from defendants or their predecessors in interest that complainants' right to maintain the dam was questioned, complainants acquired a prescriptive right to maintain it, notwithstanding defendants clandestinely and without complainants' knowledge at various times forcibly destroyed the works so maintained.

From Lake: HENRY L. BENSON, Judge.

Suit by T. J. Brattain and others against George Conn and another, in which plaintiffs prevailed, whereupon defendants appealed. AFFIRMED.

For appellants there was a brief over the names of *Charles Amos Cogswell* and *Edwin Mays,* with an oral argument by *Mr. Cogswell.*

For respondents there was a brief over the names of *Dolph, Mallory, Simon & Gearin, Lionel Richard Webster* and *E. M. Brattain,* with oral arguments by *Mr. Joseph Simon* and *Mr. Webster.*

PER CURIAM: This suit is brought by T. J. Brattain and nine other landowners in the Chewaucan Valley, for themselves and others similarly situated, to establish the right to maintain a temporary dam or obstruction in the Chewaucan River, at the head of Small Creek, during low-water seasons, for the purpose of diverting a portion of the water of such river into Small Creek for irrigation purposes, and to enjoin defendants from interfering with such right. The Chewaucan River is

quite a large stream flowing northeasterly through the Town of Paisley. Just above the town it divides, and one fork thereof, called "Small Creek," flows in a southeasterly direction, and from which plaintiffs irrigate about 2,000 acres of land. Prior to 1880, and while the 40-acre tract at the head of Small Creek, and through which the main river flows, belonged to the State, plaintiffs or their predecessors in interest entered upon and improved Small Creek, for the purpose of conducting water through it for irrigating purposes; and, as the natural flow was not sufficient for their needs during the low-water seasons, they constructed and maintained, each year during that time, a temporary dam in the main river for the purpose of diverting a portion of the water into Small Creek, thus augmenting the natural flow thereof. While they were so using Small Creek and maintaining their dam, the land was conveyed by the State to one Riggs, who subsequently sold it to Hanchett, who conveyed it to Drinkwater in August, 1882. From the time of the conveyance by the State to Riggs, in 1880, and up to 1886, plaintiffs used Small Creek as a part of their irrigation system, and maintained the dam referred to without objection from the landowner, so far as the evidence discloses; but in 1886, some question arising between them and Drinkwater, Brattain and others purchased the right to use the natural channel of Small Creek from him as a conduit through which to convey water from the main channel of the river, through and across his lands, with the right to enter thereon for the purpose of enlarging or clearing the stream from obstructions and placing and maintaining headgates therein and such other work or works as may be found necessary to maintain and control the desired flow of water. A few days after making this conveyance to Brattain and his associates, Drinkwater conveyed the premises to Virgil Conn, who in October, 1889, sold and conveyed to defendant George Conn, who has ever since been the owner thereof. After the Drinkwater deed, plaintiffs or their predecessors in interest continued to use Small Creek and to maintain the dam in the main stream as before, without any

expressed objections or protest from defendants or their predecessors in interest, until 1902, when defendants tore out the dam and by force prevented plaintiffs from rebuilding it, whereupon this suit was commenced. It resulted in a decree in favor of plaintiffs, and defendants appeal.

The only question involved is the right of plaintiffs to construct and maintain a temporary dam or obstruction in the Chewaucan River at the head of Small Creek to increase the flow to 2,500 inches of water in such creek during the low-water seasons. They claim this right by virtue of a grant from Drinkwater and by prescription. The deed from Drinkwater to Brattain and his associates conveyed the use of Small Creek as a conduit for water from the main channel, with the right to place and maintain a headgate therein, and "such other work or works as may be necessary to maintain and control the desired flow of water through said creek channel"; and it can be fairly argued, in view of the circumstances, this language was intended to and did include the right to construct a dam in the main river, as the grantees had theretofore done. But, however that may be, we think a prescriptive right to maintain such dam is shown by the testimony. It clearly appears that for more than 20 years the plaintiffs and their predecessors in interest have asserted and exercised the right each year to construct and maintain, whenever necessary, a temporary dam or obstruction in the main channel of the river to divert from 2,000 to 2,500 inches of water into Small Creek for irrigation purposes, and without any intimation from defendants or their predecessors in interest that their right was questioned. It is true that defendant George Conn testifies that he often tore out and removed the dam, but there is no evidence that plaintiffs knew of this fact, or that it was done at a time when they needed the water. It was a clandestine and secret invasion of their rights, and we do not understand that an entry by stealth and without the knowledge of the party in possession is sufficient to break the continuity necessary to constitute an adverse possession or to establish a right by prescription.

It is unnecessary for us to further review the testimony. It is sufficient that we have examined the record with care and find no reason why the decree of the court below should be disturbed. The decree will be affirmed.        AFFIRMED.